**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HATEM M SHALABI; PYRAMID GOLD, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ATLANTIC RICHFIELD COMPANY; BP CORPORATION NORTH AMERICA, INC., individually and as successor-in interest to Atlantic Richfield Company; BP PRODUCTS NORTH AMERICA, INC., individually and as successor-in-interest to Atlantic Richfield Company; BP WEST COAST PRODUCTS, LLC, a Delaware limited liability company, <br><br> Defendants - Appellees. | No. 12-36029 <br><br> D.C. No. 2:11-cv-00505-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted June 3, 2014
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOODWIN, McKEOWN, and WATFORD, Circuit Judges.

Appellant Hatem Shalabi appeals the district court's grant of summary judgment in favor of BP West Coast Products, LLC ("BP"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Shalabi's common law fraud and negligent misrepresentation claims fail because Shalabi cannot show that he justifiably relied on BP's statements that the gas station property contained "no contamination." Shalabi received multiple copies of an environmental report clearly stating that some contamination existed on the property. As the district court observed, Shalabi also signed multiple documents that likewise undercut his justifiable reliance argument, including the Second Amendment to the real estate sales agreement ("RESA") which provided, "The parties agree and acknowledge that the results contained in the Environmental Report do not disclose the presence on the Real Estate of any Pre-Closing Contamination requiring corrective action pursuant to Agency directive." Moreover, Section 13 of the RESA provided that Shalabi was "buying the Real Estate solely in reliance on [his] own investigation." Thus, even if Shalabi relied on the literal interpretation of BP's statements—and believed the property was devoid of all contaminants—such reliance would be unreasonable under the circumstances. *See Skagit State Bank v. Rasmussen*, 745 P.2d 37, 39 (Wash. 1987)

("[A] party whose rights rest upon a written instrument which is plain and unambiguous . . . cannot claim to have been misled concerning its contents.").

We also affirm the district court's grant of summary judgment on Shalabi's fraud claims brought under Washington's Gasoline Dealer Bill of Rights Act ("GDBRA"). *See Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1039 n.3 (9th Cir. 2008) (summary judgment may be affirmed on any ground supported by the record). Like Shalabi's common law claims, justifiable reliance is an element of fraud alleged under the GDBRA. *See Kirkham v. Smith*, 106 Wash. App. 177, 183 (2001) (justifiable reliance is an element of fraud claims brought under Washington's Franchise Investment Protection Act ("FIPA")); Wash. Rev. Code Ann. § 19.120.902 (describing the legislature's intent that the GDBRA be interpreted consistent with FIPA). Shalabi's GDBRA claims, therefore, fail as a matter of law because, as discussed above, Shalabi cannot show that he reasonably relied on BP's alleged misrepresentations.

**AFFIRMED.**

3